■ RIPERT SPANISH, LLC, Respondent, v BR GUEST, INC., et al., Appellants. [897 NYS2d 631]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 5, 2009, which granted plaintiff's motion for leave to vacate its note of issue and serve a second amended complaint and denied defendants' cross motion for summary

judgment in their favor, unanimously modified, on the law and the facts, to deny the motion to vacate the note of issue and for leave to serve a second amended complaint, and otherwise affirmed, without costs.

This action arises out of a failed restaurant venture between Steven P. Hanson, the principal of defendant entities, and Eric Ripert, a professional chef and the owner of plaintiff Ripert Spanish, LLC. Plaintiff alleges that, after the restaurant opened for business, the manager of the company failed to comply with its obligation under the operating agreement to provide plaintiff with monthly operating and financial statements, and that Hanson thereafter closed the restaurant, without the requisite notice to plaintiff and a meeting to vote on whether the business should cease its operations. Plaintiff commenced this action seeking an accounting, full and complete access for itself and its duly appointed representatives to the restaurant's books and records, and damages arising out of excessive management fees paid to the company's initial manager. After Hanson admitted at a deposition that the assets of the restaurant had been sold for $1.5 million to an entity that he either controlled or was a member of, plaintiff demanded the production of all documentation concerning the sale, which was furnished shortly before the court-ordered deadline for the filing of the note of issue. Plaintiff timely filed its note of issue, but the court subsequently allowed plaintiff to vacate its note of issue (see 22 NYCRR 202.21 [e]), in order to amend its complaint so as to assert a cause of action for fraud. Our review of the record shows that it failed to make allegations that support a fraud claim. Accordingly, the motion to vacate the note of issue and serve a second amended complaint should have been denied.

Defendants, however, failed to demonstrate their entitlement to summary judgment, since the record presents triable issues of fact whether defendants' document production constituted an accounting of the restaurant's business and whether the restaurant borrowed funds from Hanson which it was obligated to repay. Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.